UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KENDALL ROBERTS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:18-cv-00045-WTL-MJD |
| ) | |
| J.E. KRUEGER COMPLEX WARDEN, ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Kendall Roberts, an inmate at the Federal Correctional Institution at Terre Haute, Indiana, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Roberts asserts that, in view of *Mathis v. United States*, 136 S. Ct. 2243 (2016), he is no longer a career offender and should not have received an enhanced sentence. For the reasons discussed in this Order, his petition for writ of habeas corpus is **denied.**

### I. Factual and Procedural Background

On August 21, 2007, Mr. Roberts was charged in a three-count Indictment with (1) knowingly distributing more than five grams of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); (2) knowingly distributing more than fifty grams of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A); and (3) knowingly possessing more than fifty grams of cocaine base (crack), with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). *United States v. Roberts et al.*, No. 1:07-cr-10101-JBM-JAG-1 (C.D. Ill.) (hereinafter "Crim. Dkt."), Dkt. No. 14. On August 27, 2007, the United States filed a Notice of Prior Conviction, pursuant to 21 U.S.C. § 851, notifying Mr. Roberts that he might be subject

to enhanced penalties based on his prior felony drug convictions in Illinois. Crim. Dkt. No. 21; Dkt. No. 16 at 4.

On August 18, 2008, Mr. Roberts pleaded guilty, without a written agreement, to the three counts in the Indictment, and the Court accepted his plea.

In preparation for sentencing, the United States Probation Office prepared a presentence report (PSR). Dkt. No. 16. The PSR calculated a base offense level of 32, based on the quantity of drugs – 222.7 grams of cocaine base– under U.S.S.G. § 2D1.1(c)(4). *Id.* at 7. However, because of his prior drug convictions in No. 98-CF-186 and 01-CF-1059 in Illinois, Mr. Roberts was found to be a career offender. U.S.S.G. § 4B1.1. Additionally, because counts 2 and 3 carried a statutory mandatory minimum term of life imprisonment, pursuant to 21 U.S.C. § 841(b)(1)(A), the base level offense was 37. *Id.* at 8. Because of Mr. Roberts' acceptance of responsibility, a three-level reduction was applied, resulting in a total offense level of 34. *Id.* at 8. The PSR calculated a total of 10 criminal history points, which yielded a Criminal History Category V. *Id.* at 12. However, because Mr. Roberts was a career offender, his Criminal History Category was instead VI. *Id.* A offense level of 34 and a criminal history category of VI would have resulted in a sentencing range of 262 to 327 months' imprisonment. *Id.* at 16. However, because of Mr. Roberts' prior felony drug convictions, a statutory mandatory term of life imprisonment was required as to counts 2 and 3, pursuant to 21 U.S.C. § 841(b)(1)(A), so the guideline sentencing range was life imprisonment. *Id.*

The sentencing court departed below the mandatory life imprisonment sentence based on a finding that Mr. Roberts provided substantial assistance and sentenced Mr. Roberts to 216 months' imprisonment. Crim. Dkt. No. 57; Dkt. No. 16 at 20.

Mr. Roberts appealed his sentence, but it was untimely and therefore dismissed by the Seventh Circuit. *United States v. Roberts*, No. 13-2208 (7th Cir. 2013); Crim. Dkt. No. 81.

On June 28, 2017, Mr. Roberts filed a motion to vacate his sentence under § 2255. *Roberts v. United States*, No. 1:17-cv-01307-JBM (C.D. Ill.), Dkt. No. 1. Relying on *Mathis v. United States*, 136 S. Ct. 2243 (2016), he argued that his two Illinois cocaine convictions no longer qualify as predicates for the career offender guideline enhancement and that he was therefore improperly sentenced as a career offender. *Id.* The district court denied the § 2255 motion as untimely and did not reach the merits of Mr. Roberts' *Mathis* claim. *Id.*, Dkt. No. 8.

## II. Section 2241 Standard

To succeed on a motion for relief under § 2241, a motion pursuant to 28 U.S.C. § 2255 must be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Section 2255 is inadequate or ineffective if the following three requirements are met: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017). "The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." *Smith v. Warden, FCC Coleman–Low*, 503 Fed. Appx. 763, 765 (11th Cir. 2013) (citation omitted).

## III. Discussion

Mr. Roberts challenges his sentence under *Mathis*, arguing that his prior Illinois drug convictions should not have been used to impose an enhanced sentence. Dkt. No. 1. In response, the respondent argues that Mr. Roberts is not entitled to relief because he cannot satisfy the third

savings clause requirement and show miscarriage of justice. Dkt. No. 12. The respondent further argues that the Seventh Circuit's holding in *United States v. Redden*, 875 F.3d 374 (7th Cir. 2017), forecloses Mr. Roberts' claim. *Id.* In reply, Mr. Roberts argues that *Redden* is inapplicable. Dkt. No. 13.

Each of the three requirements to invoke the savings clause of § 2255(e) is discussed below.

### A. Statutory-Interpretation Case

The Government does not address whether Mr. Roberts meets the first savings clause requirement. *See* Dkt. No. 12. Mr. Roberts challenges his sentence under *Mathis*, which is a case of statutory interpretation. *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) (*Mathis* "is a case of statutory interpretation"); *United States v. Bess*, 655 Fed. Appx. 518 (8th Cir. 2016) (recognizing that *Mathis* inquiry was "whether the statutory alternatives were means or elements"). Thus, the Court finds that Mr. Roberts meets the first savings clause requirement.

### B. Retroactivity

The Government does not address whether Mr. Roberts meets the second savings clause requirement. *See* Dkt. No. 12. The Seventh Circuit has stated that "substantive decisions such as *Mathis* presumptively apply retroactively on collateral review." *Holt v. United States*, 843 F.3d 720, 721-22 (7th Cir. 2016) (internal citations omitted). Thus, the second savings clause requirement is not a barrier to further review.

### C. Miscarriage of Justice

The parties disagree regarding the third savings clause requirement, whether there has been a miscarriage of justice. The Seventh Circuit has used a variety of formulations to describe the type of error that may meet this demanding standard, including a "fundamental error equivalent to actual innocence," *Brown v. Rios*, 696 F.3d 638, 641 (7th Cir. 2012) (quoting *Taylor v. Gilkey*,

4

314 F.3d 832, 836 (7th Cir. 2002)); an error which reaches the "fundamental legality of [a prisoner's] sentence[]," *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998); or an error which results in a sentence "based upon the equivalent of a nonexistent offense," *Narvaez v. United States*, 674 F.3d 621, 629 (7th Cir. 2011). Although Mr. Roberts was found to be a career offender in the presentence report and was subject to a mandatory life sentence, pursuant to 21 U.S.C. § 841(b)(1)(A), the sentencing court departed below the mandatory life imprisonment sentence and below the guidelines' range to sentence Mr. Roberts to 216 months' imprisonment. Accordingly, the Court concludes that Mr. Roberts' challenge hinges on whether his sentence under the advisory Sentencing Guidelines is a miscarriage of justice.

Several Seventh Circuit cases help define the contours of the "miscarriage of justice" standard as applied to Mr. Roberts' case. First, in the context of an initial habeas petition under § 2255, the court held that a petitioner who had been improperly designated a career offender under the then-mandatory Sentencing Guidelines could obtain relief because, as a result of his improper designation, his sentence extended "beyond that authorized by the sentencing scheme" and thus undermined the "fundamental legality of his sentence." *Narvaez*, 674 F.3d at 630. In *Brown v. Caraway*, 719 F.3d 583, 588 (7th Cir. 2013), the Seventh Circuit extended *Narvaez* to § 2241 petitions, again based upon the mandatory nature of the Guidelines before *United States v. Booker*, 543 U.S. 220 (2005).

In *Hawkins v. United States*, 706 F.3d 820, *supplemented on denial of rehearing*, 724 F.3d 915 (7th Cir. 2013), however, the Seventh Circuit distinguished cases where the petitioner had been sentenced under the mandatory Guidelines, as in *Narvaez* and *Brown v. Caraway*, from cases where the petitioner is sentenced under the "merely advisory" post-*Booker* Guideline regime:

> Postconviction review is therefore proper when for example the judge imposes a sentence that he had not authority to impose, as in *Navarez*, since the consequence

5

>for the defendant in such a case is 'actual prejudice'—an 'injurious effect' on the judgment. But it does not follow that postconviction relief is proper just because the judge, though he could lawfully have imposed the sentence that he did impose, might have imposed a lighter sentence had he calculated the applicable guidelines sentencing range correctly.

724 F.3d at 917. Because of this, the Seventh Circuit held that "a sentence that is well below the ceiling imposed by Congress whether directly or by delegation to the Sentencing Commission" could not "be considered a 'miscarriage of justice' that can be collaterally attacked, just because the judge committed a mistake en route to imposing it." 706 F.3d at 824-25. To the contrary, "[a]n error in the interpretation of a merely advisory guideline … is not a proper basis for voiding [on postconviction review] a punishment lawful when imposed." *Id.* at 824.

Furthermore, the Seventh Circuit has rejected collateral attacks on sentences under the advisory Guideline regime where the sentencing judge recognized that the Guidelines were advisory and "determin[ed] that the sentence was appropriate." *United States v. Coleman*, 763 F.3d 706, 709 (7th Cir. 2014). An error in the advisory Guideline calculation remains insufficient for habeas relief even where the petition can show that the application of the enhancement likely resulted in a greater sentence than the petitioner would have received without the enhancement. *Id.* at 708-10. "[E]ven errors that are not harmless may not be cognizable" in a postconviction proceeding, and "the likelihood of a different sentence in light of the sentencing error is not an adequate basis" for demonstrating a miscarriage of justice. *Id.* at 710.

Mr. Roberts was sentenced in 2008, after the Supreme Court's 2005 ruling in *Booker* which rendered the Sentencing Guidelines advisory. Mr. Roberts' sentence of 216 months was well below the statutory maximum of life imprisonment. Additionally, his sentence fell below the guideline ranges of 262 to 327 months' imprisonment. Under binding Seventh Circuit precedent, the fact that Mr. Roberts may have received a shorter sentence without the career offender

designation or the statutory enhancement under 21 U.S.C. § 841 is insufficient to show a miscarriage of justice. As a result, Mr. Roberts cannot demonstrate a miscarriage of justice so as to permit a § 2241 petition. *Rose vs. Hodges*, 423 U.S. 19, 21 (1975) ("A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States.").

## IV. Conclusion

The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **denied**. The dismissal of this action is with prejudice. *Prevatte v. Merlak*, 865 F.3d 894, 901 (7th Cir. 2017) ("petition should be dismissed with prejudice under 28 U.S.C. § 2255(e)").

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 11/21/18

*William T. Lawrence*

Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Distribution:

KENDALL ROBERTS
13659-026
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bob.wood@usdoj.gov